IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LOUIS RICHARD FRESQUEZ, ) | | 1:03-cv-05909-OWW-SMS-P |
| Plaintiff, ) | | |
| vs. ) | | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF COMPLAINT/ ACTION** (Doc. 11) |
| IBERRA, ) | | |
| Defendant. ) | | |

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 4, 2006, the Court issued an order requiring Plaintiff to either file an Amended Complaint curing the deficiencies identified therein OR otherwise notify the Court in writing of his intent to voluntarily dismiss the case, within thirty (30) days from the date of service of that order. The thirty-day period has passed, and Plaintiff has failed to comply with the Court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

1

sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

    In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

2

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since 2003.  In addition, the Court has granted Plaintiff several extensions of time to comply but he has instead filed "objections" demanding that his case be heard as an American's With Disabilities Act case.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order of October 4, 2006, expressly stated: "Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110."  Thus, Plaintiff had adequate warning that dismissal of the Complaint could result from non-compliance with the Court's order.

Accordingly, the court HEREBY RECOMMENDS that the Complaint, and therefore this action, be DISMISSED pursuant to Local Rule 11-110, and for plaintiff's failure to obey the court's order of October 4, 2006.

These Findings and Recommendations are submitted to the United

1  States District Judge assigned to the case, pursuant to the
2  provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**
3  after being served with these Findings and Recommendations,
4  plaintiff may file written objections with the court.  Such a
5  document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Plaintiff is advised that failure
7  to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
9  (9th Cir. 1991).

10 IT IS SO ORDERED.

11 **Dated:   February 22, 2007**          **/s/ Sandra M. Snyder**
   icido3                                  UNITED STATES MAGISTRATE JUDGE